**NATIONAL LABOR RELATIONS BOARD**
**v. SUNSHINE MIN. CO.**
No. 9162.

Circuit Court of Appeals, Ninth Circuit.

Feb. 5, 1943.

See, also, 125 F.2d 757.

Robert B. Watts, Gen. Counsel, N.L.R.B., Ernest A. Gross, Associate Gen. Counsel, Howard Lichtenstein, Asst. Gen. Counsel, and A. Norman Somers and David C. Sachs, Attys., N.L.R.B., all of Washington, D. C., and Richard A. Perkins, Regional Atty., N.L.R.B., of San Francisco, Cal., for petitioner.

Joseph C. Cheney, Elwood Hutcheson, John Gavin, and Chester R. Thomas, all of Yakima, Wash., for respondent.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

Upon petition of the National Labor Relations Board the court required the respondent, Sunshine Mining Company, and certain of its officers and agents to show cause why they should not be adjudged in contempt for violating the order of this court.

The complaint is that the respondent is attempting to make settlements with certain employees for back pay by tendering to them checks for certain amounts, there being attached to said checks as a part thereof a form of receipt as follows:

$......... ......................1942 No..........

Received From CHENEY & HUTCHESON    Yakima, Wash.

THE SUM OF................................DOLLARS

IN FULL PAYMENT OF ALL BACK WAGES DUE ME
FROM THE SUNSHINE MINING COMPANY.

.............................................
Payee Must Sign Here and Endorse on Back of Check

This voucher must not be altered
If incorrect return at once
The acceptance of the attached check
is acknowledgment in full of within account
DO NOT DETACH FROM CHECK

It is alleged by the Board that in certain instances these amounts are less than the Board has estimated to be due the employee. It is further alleged, and this is the chief basis for this proceeding, that "The Board formally requested respondent to withdraw the condition contained on the

face of these checks, but respondent refused to do so".

Upon the hearing it was revealed that considerable correspondence took place between the National Labor Relations Board and respondent relative to the use of this form of check, which had been theretofore submitted to the attorneys for the National Labor Relations Board. The following excerpts from this correspondence are important in considering the matter before us.

On July 1, 1941, Messrs. Cheney and Hutcheson, attorneys for the Sunshine Mining Company, sent to the regional office of the National Labor Relations Board at Seattle, Washington, a letter which contained the following:

"We enclose for your attention proposed form of check and voucher, which we intend to use in making payments of back wages in this matter.

"Your early advice and comments concerning same would be appreciated."
to which the regional attorney for the Board, on July 7, 1941, sent an answer containing the following:

"With reference to your letter of July 1, attaching the proposed form of check and voucher which you intend to use in making the payments on back wages, I have the following comment to make: I feel sure that the statement, 'in full payment of all back wages due me from Sunshine Mining Company' which is contained on the receipt attached to the check, will result in some confusion and delay.

"I think the decisions of the courts in several cases involving the National Labor Relations Act have established that any agreement or waiver on the part of individuals is not binding on the Board. I am afraid that some of the employees might hesitate to sign the receipt when it contains a statement that it is in full payment, particularly if there is any question in the employee's mind with respect to whether it is full and complete payment.

"I should appreciate hearing from you with reference to whether or not you insist on having the full payment statement attached to the check.

"I am today forwarding to the Litigation Division of the Board in Washington a copy of the proposed form of check and voucher for comment. I will advise you immediately upon receipt of any advice or suggestions from the litigation Division. I trust that the delay will not be long and that you will not be inconvenienced thereby."

Attorneys for respondent again wrote in:

"Replying to your letter of July 7th with reference to the form of the check with which to make payments for back wages, we realize quite clearly that an agreement between an employee and the company is not binding on the Board. We further realize that the acknowledgment of full payment does not irrevocably establish that fact. We further realize that there is not and cannot be any such thing as an accord and satisfaction or compromise and settlement. However that does not fully answer the question.

"At some time and at some place we desire at least to know who claim that they are entitled to more and who claim that they have not been paid enough. The only way that information can come to us so we can double check and go into the particular instance in detail is by sending the check with a statement of full payment. If they refuse to accept the check, claiming that they are entitled to more, we will then know exactly who the parties are who claim they are entitled to more, and by that method will be able to sort out the sheep from the goats and bend our best efforts toward investigating the specific facts with reference to the ones who are hungry for more money. In other words, the checks will at least temporarily constitute a closure of that particular man's file until the Board makes some move with reference to him."

In response the attorney for the Board had this to say:

"I have your letter * * * in which you state the reason for your desiring to have an acknowledgment of full payment on the form of check you intend to use in making payments for back wages. * * *

"With reference to the reason you stated * * *, I might make the observation that whether or not the individual feels that the amount on the check is adequate will be quite immaterial. In other words, it will be for the Board, and it alone, to determine whether or not action should be taken to secure additional money for back wages due any particular individual. Further in that connection, I have been advised by a representative of the Union that it will advise all persons receiving checks to cash them regardless of whether or not they consider the amount sufficient.

"I am not at present taking the position that you should not include the acknowl-

edgment on the check but am giving you the benefit of the information stated above. * * * "

The respondent's attorneys replied:

" * * * I trust you did not misinterpret my letter of the 8th. We simply wanted to have the record clearly show that we recognized that the acknowledgment did not mean anything other than what it said.

"However, there is this issue, which is an issue of fact—that if we have made certain conclusions of fact and upon those conclusions of fact have reached a logical and correct deduction from those facts, and if the employee acknowledges that those facts are right by acknowledging full and complete payment, that in any dispute between the Board and ourselves as to the correctness of those facts would be of considerable testimonial value, and the court in considering the question, either on a petition for instructions or upon some contempt proceedings, would necessarily have to give weight to the employee's acknowledgment of the correctness of our factual basis."

By way of answer the attorney for the Board stated: "With reference to the inclusion of the acknowledgment of full payment on the voucher which you expect to use in making back wage payments in the above case, this is to advise you that I am not authorized to and do not either approve or disapprove the use of the form sent to us recently. The action you will take in this regard is a matter for you to determine. I do wish, however, to make it clear that the use of the release in the form you are contemplating is not authorized by me as an agent of the Board."

After this exchange of letters there was no further correspondence on this subject.

During the month of December, 1942, respondent mailed the checks in question to respective payees. On January 6, 1943, after all of these checks had been mailed, the general counsel for the National Labor Relations Board, Washington, D. C., telegraphed to the attorneys for respondent, demanding that that portion of the receipt stating "In full payment of all back wages due me from the Sunshine Mining Company", be withdrawn. Respondent, by telegraph communication to the general counsel, sought to explain the existing situation and stated that the telegram from the general counsel was the first intimation of disapproval of the Board, made long after the intended use had been made known to the Board.

From the facts submitted it appears that after the attorney for the Board had pointed out that the sending out of these checks and receipts might occasion confusion and had declined to approve of the same, respondent was advised that the matter would be submitted to the Litigation Division of the Department in Washington, D. C., and that respondent would be advised of any information received on the subject. It was not until after the checks had been distributed by the Company that the notice forbidding their use was telegraphed by the Department from Washington.

In these circumstances we do not feel justified in holding respondent for contempt for sending out these checks. Therefore the rule is ordered discharged.

This ruling and order now made herein applies only to the question presented upon the specific application, which it determines, and is not to be regarded as in any manner restricting the plenary powers heretofore conferred upon the master appointed in this case to hear and determine issues which shall come before him, including the question as to whether or not those certain employees had been paid in full and as to whether the method actually employed, or any delay occasioned, has violated the decree of this court entered on April 3, 1940.